Electronically Filed - St Louis County - June 01, 2016 - 07:56 AM




## IN THE 21ST JUDICIAL CIRCUIT COURT, ST. LOUIS COUNTY, MISSOURI

| Judge or Division: PATRICK CLIFFORD | Case Number: 16SL-CC01653 |
|---|---|
| Plaintiff/Petitioner: ALAN PRESSWOOD, D.C., P.C.  vs. | Plaintiff's/Petitioner's Attorney/Address: MAX GEORGE MARGULIS 28 OLD BELLE MONTE ROAD CHESTERFIELD, MO 63017 |
| Defendant/Respondent: VITA CORE HEALTH LLC | Court Address: ST LOUIS COUNTY COURT BUILDING 105 SOUTH CENTRAL AVENUE CLAYTON, MO 63105 |
| Nature of Suit: CC Injunction | (Date File Stamp) |

### Summons for Personal Service Outside the State of Missouri
#### (Except Attachment Action)

The State of Missouri to:  TREVOR FARNES
Alias:
**847 NORTHPOINTE CIRCLE**
**NORTH SALT LAKE, UT 84054**

*COURT SEAL OF*

*ST. LOUIS COUNTY*

You are summoned to appear before this court and to file your pleading to the petition, copy of which is attached, and to serve a copy of your pleading upon the attorney for the Plaintiff/Petitioner at the above address all within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to file your pleading, judgment by default will be taken against you for the relief demanded in this action.

SPECIAL NEEDS: If you have special needs addressed by the Americans With Disabilities Act, please notify the Office of the Circuit Clerk at 314-615-8029, FAX 314-615-8739 or TTY at 314-615-4567, at least three business days in advance of the court proceeding.

<u>05-MAY-2016</u>
Date
Further Information:
ALD

_____
Clerk

---

### Officer's or Server's Affidavit of Service

I certify that:
1. I am authorized to serve process in civil actions within the state or territory where the above summons was served.
2. My official title is _Private Investigator_ of _Salt Lake_ County, _Utah_ (state).
3. I have served the above summons by: (check one)
   - ☒ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
   - ☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____, a person of the Defendant's/Respondent's family over the age of 15 years.
   - ☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to _____ (name) _____ (title).
   - ☐ other (describe) _____

Served at _847 Northpointe Cir, North Salt Lake_ (address)
in _Davis_ County, _Utah_ (state), on _5-27-16_ (date) at _8:49 AM_ (time).

_Peter A Scavelli_
Printed Name of Sheriff or Server

_____
Signature of Sheriff or Server

Subscribed and Sworn To me before this _31_ (day) _May_ (month) _16_ (year)
I am: (check one)
- ☐ the clerk of the court of which affiant is an officer.
- ☐ the judge of the court of which affiant is an officer.
- ☒ authorized to administer oaths in the state in which the affiant served the above summons. (use for out-of-state officer)
- ☐ authorized to administer oaths. (use for court-appointed server)

**KRISTA McKEETH**
NOTARY PUBLIC • STATE of UTAH
3921 S STARWOOD ST
WEST VALLEY CITY UT 94120
MY COMMISSION NO. 669667
COMM. EXP. 09/22/2017

_K McKeeth_  Notary Public
Signature and Title

**Service Fees, if applicable**

| | |
|---|---|
| Summons | $ 20.00 |
| Non Est | $ |
| Mileage | $ _____ ( _____ miles @ $ _____ per mile) |
| Total | $ 20.00 |

See the following page for directions to clerk and to officer making return on service of summons.

**Exhibit A**

OSCA (7-04) SM60 *For Court Use Only: Document ID#* 16-SMOS-323        1        (16SL-CC01653)          Rules 54.06, 54.07, 54.14, 54.20; 506.500, 506.510 RSMo

Electronically Filed - St Louis County - June 01, 2016 - 07:56 AM



# Invoice



Social Media

| Your Reference | Invoice Date | Invoice # |
|---|---|---|
| Cresswood v Vita | 5/31/2016 | 38712 |

**PAID 05/19/2016**

Each invoice is due as described. A summary statement will follow at month's end.

Margulis Law Group
28 Old Belle Monte Rd.
Chesterfield, MO 63017

Attn:  Max Margulis

| | | | Due Date | 6/30/2016 |
|---|---|---|---|---|

| Item | Description | Qty | Rate | Amount |
|---|---|---|---|---|
| Additional | Additional service/courier run at the same location. Service upon Trevor Farnes at 847 Northpointe Cir., North Salt Lake UT 84054 | 1 | 20.00 | 20.00 |

| Total | $20.00 | Credits | -$20.00 | Balance Due | $0.00 |
|---|---|---|---|---|---|

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

PLEASE DETACH AND RETURN BOTTOM PORTION WITH YOUR PAYMENT.

**Beehive Attorney Service, LLC**

1226 W. South Jordan Pkwy., Suite B
South Jordan, UT 84095
(800) 779-0379 Fax: (801) 281-0168

www.beehiveattorney.com

☐ Please check box if your address is incorrect or has changed, and indicate change(s) on reverse side.

If paying by credit card, please complete this section

| Invoice # | 38712 | Balance Due | $0.00 |
|---|---|---|---|

Name

Number

Exp

DISCOVER  MasterCard  VISA

Electronically Filed - St Louis County - June 01, 2016 - 07:56 AM

3512



## IN THE 21ST JUDICIAL CIRCUIT COURT, ST. LOUIS COUNTY, MISSOURI

| | |
|---|---|
| Judge or Division:<br>PATRICK CLIFFORD | Case Number:  16SL-CC01653 |
| Plaintiff/Petitioner:<br>ALAN PRESSWOOD, D.C., P.C.<br><div align="right">vs.</div> | Plaintiff's/Petitioner's Attorney/Address:<br>MAX GEORGE MARGULIS<br>28 OLD BELLE MONTE ROAD<br>CHESTERFIELD, MO  63017 |
| Defendant/Respondent:<br>VITA CORE HEALTH LLC | Court Address:<br>ST LOUIS COUNTY COURT BUILDING<br>105 SOUTH CENTRAL AVENUE<br>CLAYTON, MO  63105 |
| Nature of Suit:<br>CC Injunction | |
| | (Date File Stamp) |

## Summons for Personal Service Outside the State of Missouri
### (Except Attachment Action)

The State of Missouri to:  TREVOR FARNES
**Alias:**

**847 NORTHPOINTE CIRCLE
NORTH SALT LAKE, UT 84054**

*COURT SEAL OF*

*ST. LOUIS COUNTY*

You are summoned to appear before this court and to file your pleading to the petition, copy of which is attached, and to serve a copy of your pleading upon the attorney for the Plaintiff/Petitioner at the above address all within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to file your pleading, judgment by default will be taken against you for the relief demanded in this action.

SPECIAL NEEDS: If you have special needs addressed by the Americans With Disabilities Act, please notify the Office of the Circuit Clerk at 314-615-8029, FAX 314-615-8739 or TTY at 314-615-4567, at least three business days in advance of the court proceeding.

<u>05-MAY-2016</u>
**Date**
**Further Information:**
**ALD**

_____
Clerk

### Officer's or Server's Affidavit of Service

I certify that:
1.  I am authorized to serve process in civil actions within the state or territory where the above summons was served.
2.  My official title is <u>Private Investigator</u> of <u>Salt Lake</u> County, <u>Utah</u> (state).
3.  I have served the above summons by: (check one)
   - [X] delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
   - [ ] leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____, a person of the Defendant's/Respondent's family over the age of 15 years.
   - [ ] (for service on a corporation) delivering a copy of the summons and a copy of the petition to _____ (name) _____ (title).
   - [ ] other (describe)

Served at <u>847 Northpointe Cir, North Salt Lake</u> (address)
in <u>Davis</u> County, <u>Utah</u> (state), on <u>5-7-16</u> (date) at <u>8:49 AM</u> (time).

<u>Peter A. Sciarelli</u>
Printed Name of Sheriff or Server

_____
Signature of Sheriff or Server

Subscribed and Sworn To me before this <u>31</u> (day) <u>May</u> (month) <u>16</u> (year)
- [ ] I am: (check one) the clerk of the court of which affiant is an officer.
- [ ] the judge of the court of which affiant is an officer.
- [X] authorized to administer oaths in the state in which the affiant served the above summons. (use for out-of-state officer)
- [ ] authorized to administer oaths. (use for court-appointed server)

_____
Signature and Title    Notary Public

KRISTA McKEETH
NOTARY PUBLIC • STATE of UTAH
3921 S STARWOOD ST
WEST VALLEY CITY UT 94120
MY COMMISSION NO. 669667
COMM. EXP. 09/22/2017

**Service Fees, if applicable**

| | | |
|---|---|---|
| Summons | $ | 20.00 |
| Non Est | $ | |
| Mileage | $ | ( _____ miles @ $ _____ per mile) |
| Total | $ | 20.00 |

See the following page for directions to clerk and to officer making return on service of summons.

OSCA (7-04) SM60 *For Court Use Only: Document ID#* 16-SMOS-323          1          (16SL-CC01653)          Rules 54.06, 54.07, 54.14, 54.20;
506.500, 506.510 RSMo

Electronically Filed - St Louis County - June 01, 2016 - 07:56 AM



# Invoice



| Your Reference | Invoice Date | Invoice # |
|---|---|---|
| Cresswood v Vita | 5/31/2016 | 38712 |

**PAID 05/19/2016**

Each invoice is due as described. A summary statement will follow at month's end.

Margulis Law Group
28 Old Belle Monte Rd.
Chesterfield, MO 63017

Attn:   Max Margulis

| | | | Due Date | 6/30/2016 |
|---|---|---|---|---|

| Item | Description | Qty | Rate | Amount |
|---|---|---|---|---|
| Additional | Additional service/courier run at the same location. Service upon Trevor Farnes at 847 Northpointe Cir., North Salt Lake UT 84054 | 1 | 20.00 | 20.00 |

| Total | $20.00 | Credits | -$20.00 | Balance Due | $0.00 |
|---|---|---|---|---|---|

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

PLEASE DETACH AND RETURN BOTTOM PORTION WITH YOUR PAYMENT.

**Beehive Attorney Service, LLC**

1226 W. South Jordan Pkwy., Suite B
South Jordan, UT 84095
(800) 779-0379 Fax: (801) 281-0168

www.beehiveattorney.com

☐ Please check box if your address is incorrect or has changed, and indicate change(s) on reverse side.

| If paying by credit card, please complete this section | | | |
|---|---|---|---|
| Invoice # | 38712 | Balance Due | $0.00 |
| Name | | | |
| Number | | | |
| Exp | | | |

38711

Electronically Filed - St Louis County - May 30, 2016 - 03:22 PM



## IN THE 21ST JUDICIAL CIRCUIT COURT, ST. LOUIS COUNTY, MISSOURI

| Judge or Division:<br>PATRICK CLIFFORD | Case Number:  16SL-CC01653 |
|---|---|
| Plaintiff/Petitioner:<br>ALAN PRESSWOOD, D.C., P.C.<br><div align="right">vs.</div> | Plaintiff's/Petitioner's Attorney/Address:<br>MAX GEORGE MARGULIS<br>28 OLD BELLE MONTE ROAD<br>CHESTERFIELD, MO  63017 |
| Defendant/Respondent:<br>VITA CORE HEALTH LLC | Court Address:<br>ST LOUIS COUNTY COURT BUILDING<br>105 SOUTH CENTRAL AVENUE<br>CLAYTON, MO  63105 |
| Nature of Suit:<br>CC Injunction | (Date File Stamp) |

### Summons for Personal Service Outside the State of Missouri
### (Except Attachment Action)

The State of Missouri to:  VITA CORE HEALTH LLC
Alias:

**847 NORTHPOINTE CIRCLE**
**NORTH SALT LAKE, UT 84054**

SERVE: TREVOR FARNES,
REGISTERED AGENT

*COURT SEAL OF*

*ST. LOUIS COUNTY*

You are summoned to appear before this court and to file your pleading to the petition, copy of which is attached, and to serve a copy of your pleading upon the attorney for the Plaintiff/Petitioner at the above address all within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to file your pleading, judgment by default will be taken against you for the relief demanded in this action.
SPECIAL NEEDS: If you have special needs addressed by the Americans With Disabilities Act, please notify the Office of the Circuit Clerk at 314-615-8029, FAX 314-615-8739 or TTY at 314-615-4567, at least three business days in advance of the court proceeding.

<u>05-MAY-2016</u>
Date
Further Information:
ALD

_____
Clerk

### Officer's or Server's Affidavit of Service

I certify that:
1. I am authorized to serve process in civil actions within the state or territory where the above summons was served.
2. My official title is ___Private Investigator___ of ___Salt Lake___ County, ___Utah___ (state).
3. I have served the above summons by: (check one)
   ☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
   ☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____, a person of the Defendant's/Respondent's family over the age of 15 years.
   ☒ (for service on a corporation) delivering a copy of the summons and a copy of the petition to ___Nick Hanks___ (name) ___Partner___ (title).
   ☐ other (describe)

Served at ___847 Northpointe Cir., North Salt Lake___ (address)
in ___Davis___ County, ___Utah___ (state), on ___08/23/16___ (date) at ___4:04 pm___ (time).
___Peter A Stefanelli___
Printed Name of Sheriff or Server

_____
Signature of Sheriff or Server

Subscribed and Sworn To me before this ___25___ (day) ___May___ (month) ___2016___ (year)
I am: (check one)
☐ the clerk of the court of which affiant is an officer.
☐ the judge of the court of which affiant is an officer.
☒ authorized to administer oaths in the state in which the affiant served the above summons. (use for out-of-state officer)
☐ authorized to administer oaths. (use for court-appointed server)

KRISTA McKEETH
NOTARY PUBLIC • STATE of UTAH
3921 S STARWOOD ST
WEST VALLEY CITY UT 94120
MY COMMISSION NO. 669667
COMM. EXP. 09/22/2017

___K McKeeth___ ___Notary Public___
Signature and Title

| Service Fees, if applicable | | | |
|---|---|---|---|
| Summons | $ | 65.00 | |
| Non Est | $ | | |
| Mileage | $ | _____ (_____ miles @ $ ____ per mile) | |
| **Total** | $ | 65.00 | |

See the following page for directions to clerk and to officer making return on service of summons.



**ATTORNEY SERVICE**

# Invoice

| Your Reference | Invoice Date | Invoice # |
|---|---|---|
| Presswood v Vita | 5/25/2016 | 38711 |

**PAID 05/19/2016**

Each invoice is due as described. A summary statement will follow at month's end.

Margulis Law Group
28 Old Belle Monte Rd.
Chesterfield, MO 63017

Attn: Max Margulis

| | | | Due Date | 6/24/2016 |
|---|---|---|---|---|

| Item | Description | Qty | Rate | Amount |
|---|---|---|---|---|
| Davis | Service upon Vita Core Health, LLC at 847 Northpointe Cir., North Salt Lake UT 84054 | 1 | 65.00 | 65.00 |

| Total | $65.00 | Credits | -$65.00 | Balance Due | $0.00 |
|---|---|---|---|---|---|

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

PLEASE DETACH AND RETURN BOTTOM PORTION WITH YOUR PAYMENT.

**Beehive Attorney Service, LLC**

1226 W. South Jordan Pkwy., Suite B
South Jordan, UT 84095
(800) 779-0379 Fax: (801) 281-0168
www.beehiveattorney.com

☐ Please check box if your address is incorrect or has changed, and indicate change(s) on reverse side.

If paying by credit card, please complete this section

| Invoice # | 38711 | Balance Due | $0.00 |
|---|---|---|---|

Name

Number

Exp

DISCOVER   MasterCard   VISA

Electronically Filed - St Louis County - May 30, 2016 - 03:22 PM

38711



## IN THE 21ST JUDICIAL CIRCUIT COURT, ST. LOUIS COUNTY, MISSOURI

| | |
|---|---|
| Judge or Division:<br>PATRICK CLIFFORD | Case Number: 16SL-CC01653 |
| Plaintiff/Petitioner:<br>ALAN PRESSWOOD, D.C., P.C.<br><div align="right">vs.</div> | Plaintiff's/Petitioner's Attorney/Address:<br>MAX GEORGE MARGULIS<br>28 OLD BELLE MONTE ROAD<br>CHESTERFIELD, MO 63017 |
| Defendant/Respondent:<br>VITA CORE HEALTH LLC | Court Address:<br>ST LOUIS COUNTY COURT BUILDING<br>105 SOUTH CENTRAL AVENUE |
| Nature of Suit:<br>CC Injunction | CLAYTON, MO 63105 |
| | (Date File Stamp) |

### Summons for Personal Service Outside the State of Missouri
### (Except Attachment Action)

The State of Missouri to:  VITA CORE HEALTH LLC
Alias:

**847 NORTHPOINTE CIRCLE**       **SERVE: TREVOR FARNES,**
**NORTH SALT LAKE, UT 84054**       **REGISTERED AGENT**

*COURT SEAL OF*



*ST. LOUIS COUNTY*

You are summoned to appear before this court and to file your pleading to the petition, copy of which is attached, and to serve a copy of your pleading upon the attorney for the Plaintiff/Petitioner at the above address all within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to file your pleading, judgment by default will be taken against you for the relief demanded in this action.
SPECIAL NEEDS: If you have special needs addressed by the Americans With Disabilities Act, please notify the Office of the Circuit Clerk at 314-615-8029, FAX 314-615-8739 or TTY at 314-615-4567, at least three business days in advance of the court proceeding.

<u>05-MAY-2016</u>
Date
Further Information:
ALD

_____
Clerk

### Officer's or Server's Affidavit of Service

I certify that:
1. I am authorized to serve process in civil actions within the state or territory where the above summons was served.
2. My official title is **Private Investigator** of **Salt Lake** County, **Utah** (state).
3. I have served the above summons by: (check one)
   ☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
   ☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____, a person of the Defendant's/Respondent's family over the age of 15 years.
   ☒ (for service on a corporation) delivering a copy of the summons and a copy of the petition to **Nick Hanks** (name) **Partner** (title).
   ☐ other (describe)

Served at **847 Northpointe Cir., North Salt Lake** (address)
in **Davis** County, **Utah** (state), on **05/23/16** (date) at **4:04 pm** (time).

**Peter A. Stefanelli**
Printed Name of Sheriff or Server

_____
Signature of Sheriff or Server

Subscribed and Sworn To me before this **25** (day) **May** (month) **2016** (year)
I am: (check one)    ☐ the clerk of the court of which affiant is an officer.
                     ☐ the judge of the court of which affiant is an officer.

KRISTA McKEETH
NOTARY PUBLIC • STATE of UTAH
3921 S STARWOOD ST
WEST VALLEY CITY UT 94120
MY COMMISSION NO. 669667
COMM. EXP. 09/22/2017

☒ authorized to administer oaths in the state in which the affiant served the above summons. (use for out-of-state officer)
☐ authorized to administer oaths. (use for court-appointed server)

_____
Signature and Title       Notary Public

### Service Fees, if applicable

| | | |
|---|---|---|
| Summons | $ 65.00 | |
| Non Est | $ | |
| Mileage | $ | ( _____ miles @ $ _____ per mile) |
| Total | $ 65.00 | |

See the following page for directions to clerk and to officer making return on service of summons.

Electronically Filed - St Louis County - May 30, 2016 - 03:22 PM



**ATTORNEY SERVICE**

# Invoice

Social Media

PAID
05/19/2016

| Your Reference | Invoice Date | Invoice # |
|---|---|---|
| Presswood v Vita | 5/25/2016 | 38711 |

Each invoice is due as described. A summary statement will follow at month's end.

Margulis Law Group
28 Old Belle Monte Rd.
Chesterfield, MO 63017

Attn:  Max Margulis

| | | | Due Date | 6/24/2016 |
|---|---|---|---|---|

| Item | Description | Qty | Rate | Amount |
|---|---|---|---|---|
| Davis | Service upon Vita Core Health, LLC at 847 Northpointe Cir., North Salt Lake UT 84054 | 1 | 65.00 | 65.00 |

| Total | $65.00 | Credits | -$65.00 | Balance Due | $0.00 |
|---|---|---|---|---|---|

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
PLEASE DETACH AND RETURN BOTTOM PORTION WITH YOUR PAYMENT.

**Beehive Attorney Service, LLC**

1226 W. South Jordan Pkwy., Suite B
South Jordan, UT 84095
(800) 779-0379 Fax: (801) 281-0168
www.beehiveattorney.com

☐  Please check box if your address is incorrect or has changed, and indicate change(s) on reverse side.

If paying by credit card, please complete this section

| Invoice # | 38711 | Balance Due | $0.00 |
|---|---|---|---|

Name

Number

Exp

DISCOVER   MasterCard   VISA

38711

Electronically Filed - St Louis County - May 30, 2016 - 03:22 PM



### IN THE 21ST JUDICIAL CIRCUIT COURT, ST. LOUIS COUNTY, MISSOURI

| | |
|---|---|
| Judge or Division:<br>PATRICK CLIFFORD | Case Number:  16SL-CC01653 |
| Plaintiff/Petitioner:<br>ALAN PRESSWOOD, D.C., P.C.<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address:<br>MAX GEORGE MARGULIS<br>28 OLD BELLE MONTE ROAD<br>CHESTERFIELD, MO  63017 |
| Defendant/Respondent:<br>VITA CORE HEALTH LLC | Court Address:<br>ST LOUIS COUNTY COURT BUILDING<br>105 SOUTH CENTRAL AVENUE<br>CLAYTON, MO  63105 |
| Nature of Suit:<br>CC Injunction | (Date File Stamp) |

## Summons for Personal Service Outside the State of Missouri
### (Except Attachment Action)

**The State of Missouri to:**  VITA CORE HEALTH LLC
         **Alias:**

**847 NORTHPOINTE CIRCLE**      **SERVE: TREVOR FARNES,**
**NORTH SALT LAKE, UT 84054**    **REGISTERED AGENT**

*COURT SEAL OF*

*ST. LOUIS COUNTY*

       You are summoned to appear before this court and to file your pleading to the petition, copy of which is attached, and to serve a copy of your pleading upon the attorney for the Plaintiff/Petitioner at the above address all within 30 days after service of this summons upon you, exclusive of the day of service.  If you fail to file your pleading, judgment by default will be taken against you for the relief demanded in this action.
       SPECIAL NEEDS: If you have special needs addressed by the Americans With Disabilities Act, please notify the Office of the Circuit Clerk at 314-615-8029, FAX 314-615-8739 or TTY at 314-615-4567, at least three business days in advance of the court proceeding.

    __05-MAY-2016__
    Date                                          Clerk
    **Further Information:**
    ALD

### Officer's or Server's Affidavit of Service

I certify that:
1. I am authorized to serve process in civil actions within the state or territory where the above summons was served.
2. My official title is _Private Investigator_ of _Salt Lake_ County, _Utah_ (state).
3. I have served the above summons by: (check one)
   - [ ] delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
   - [ ] leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____, a person of the Defendant's/Respondent's family over the age of 15 years.
   - [X] (for service on a corporation) delivering a copy of the summons and a copy of the petition to _Nick Hanks_ (name) _Partner_ (title).
   - [ ] other (describe)

Served at _847 Northpointe Cir., North Salt Lake_ (address)
in _Davis_ County, _Utah_ (state), on _05/23/16_ (date) at _4:04 pm_ (time).

_Peter A. Stefanelli_                         _Ant A. Stefanelli_
Printed Name of Sheriff or Server             Signature of Sheriff or Server

         **Subscribed and Sworn To** me before this _25_ (day) _May_ (month) _2016_ (year)
I am: (check one)
- [ ] the clerk of the court of which affiant is an officer.
- [ ] the judge of the court of which affiant is an officer.
- [X] authorized to administer oaths in the state in which the affiant served the above summons. (use for out-of-state officer)
- [ ] authorized to administer oaths. (use for court-appointed server)

**KRISTA McKEETH**
NOTARY PUBLIC • STATE of UTAH
3921 S STARWOOD ST
WEST VALLEY CITY UT 94120
MY COMMISSION NO. 669667
COMM. EXP. 09/22/2017

_Krista McKeeth_ _Notary Public_
                                Signature and Title

**Service Fees, if applicable**

| | | |
|---|---|---|
| Summons | $ | 65.00 |
| Non Est | $ | |
| Mileage | $ | (_____ miles @ $_____ per mile) |
| Total | $ | 65.00 |

See the following page for directions to clerk and to officer making return on service of summons.

OSCA (7-04) SM60 *For Court Use Only:* Document ID# 16-SMOS-322    1    (16SL-CC01653)    Rules 54.06, 54.07, 54.14, 54.20;
                                                        506.500, 506.510 RSMo

Electronically Filed - St Louis County - May 30, 2016 - 03:22 PM



# Invoice

| Your Reference | Invoice Date | Invoice # |
|---|---|---|
| Presswood v Vita | 5/25/2016 | 38711 |

PAID
05/19/2016

| Each invoice is due as described. A summary statement will follow at month's end. |
|---|

Margulis Law Group
28 Old Belle Monte Rd.
Chesterfield, MO 63017

Attn:  Max Margulis

| | | | Due Date | 6/24/2016 |
|---|---|---|---|---|

| Item | Description | Qty | Rate | Amount |
|---|---|---|---|---|
| Davis | Service upon Vita Core Health, LLC at 847 Northpointe Cir., North Salt Lake UT 84054 | 1 | 65.00 | 65.00 |

| Total | $65.00 | Credits | -$65.00 | Balance Due | $0.00 |
|---|---|---|---|---|---|

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
PLEASE DETACH AND RETURN BOTTOM PORTION WITH YOUR PAYMENT.

**Beehive Attorney Service, LLC**

1226 W. South Jordan Pkwy., Suite B
South Jordan, UT 84095
(800) 779-0379 Fax: (801) 281-0168
www.beehiveattorney.com

☐ Please check box if your address is incorrect or has changed, and indicate change(s) on reverse side.

| If paying by credit card, please complete this section | | |
|---|---|---|
| Invoice # | 38711 | Balance Due | $0.00 |
| Name | | |
| Number | | |
| Exp | | DISCOVER  MasterCard  VISA |

Electronically Filed - St Louis County - May 30, 2016 - 03:22 PM

38711



## IN THE 21ST JUDICIAL CIRCUIT COURT, ST. LOUIS COUNTY, MISSOURI

| Judge or Division: | Case Number: 16SL-CC01653 |
|---|---|
| PATRICK CLIFFORD | |
| Plaintiff/Petitioner: | Plaintiff's/Petitioner's Attorney/Address: |
| ALAN PRESSWOOD, D.C., P.C. | MAX GEORGE MARGULIS |
| | 28 OLD BELLE MONTE ROAD |
| vs. | CHESTERFIELD, MO 63017 |
| Defendant/Respondent: | Court Address: |
| VITA CORE HEALTH LLC | ST LOUIS COUNTY COURT BUILDING |
| Nature of Suit: | 105 SOUTH CENTRAL AVENUE |
| | CLAYTON, MO 63105 |
| CC Injunction | (Date File Stamp) |

### Summons for Personal Service Outside the State of Missouri
### (Except Attachment Action)

The State of Missouri to: VITA CORE HEALTH LLC
Alias:

847 NORTHPOINTE CIRCLE             SERVE: TREVOR FARNES,
NORTH SALT LAKE, UT 84054          REGISTERED AGENT

*COURT SEAL OF*

**ST. LOUIS COUNTY**

You are summoned to appear before this court and to file your pleading to the petition, copy of which is attached, and to serve a copy of your pleading upon the attorney for the Plaintiff/Petitioner at the above address all within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to file your pleading, judgment by default will be taken against you for the relief demanded in this action.

SPECIAL NEEDS: If you have special needs addressed by the Americans With Disabilities Act, please notify the Office of the Circuit Clerk at 314-615-8029, FAX 314-615-8739 or TTY at 314-615-4567, at least three business days in advance of the court proceeding.

<u>05-MAY-2016</u>
Date
Further Information:
ALD                                             _____ Clerk

### Officer's or Server's Affidavit of Service

I certify that:
1.  I am authorized to serve process in civil actions within the state or territory where the above summons was served.
2.  My official title is _Private Investigator_ of _Salt Lake_ County, _Utah_ (state).
3.  I have served the above summons by: (check one)
    ☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
    ☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____, a person of the Defendant's/Respondent's family over the age of 15 years.
    ☒ (for service on a corporation) delivering a copy of the summons and a copy of the petition to _Nick Hanks_ (name) _Partner_ (title).
    ☐ other (describe)

Served at _847 Northpointe Cir., North Salt Lake_ (address)
in _Davis_ County, _Utah_ (state), on _05/23/16_ (date) at _4:04 pm_ (time).

_Peter A. Stefanelli_
Printed Name of Sheriff or Server

_____
Signature of Sheriff or Server

Subscribed and Sworn To me before this _25_ (day) _May_ (month) _2016_ (year)
I am: (check one)
☐ the clerk of the court of which affiant is an officer.
☐ the judge of the court of which affiant is an officer.
☒ authorized to administer oaths in the state in which the affiant served the above summons. (use for out-of-state officer)
☐ authorized to administer oaths (use for court-appointed server)

KRISTA McKEETH
NOTARY PUBLIC • STATE of UTAH
3921 S STARWOOD ST
WEST VALLEY CITY UT 94120
MY COMMISSION NO. 669667
COMM. EXP. 09/22/2017

_K McKeeth_             _Notary Public_
Signature and Title

| Service Fees, if applicable | | |
|---|---|---|
| Summons | $ | 65.00 |
| Non Est | $ | |
| Mileage | $ | ( _____ miles @ $ _____ per mile) |
| Total | $ | 65.00 |

See the following page for directions to clerk and to officer making return on service of summons.

OSCA (7-04) SM60 *For Court Use Only:* Document ID# 16-SMOS-322      1      (16SL-CC01653)      Rules 54.06, 54.07, 54.14, 54.20; 506.500, 506.510 RSMo

Electronically Filed - St Louis County - May 30, 2016 - 03:22 PM



**ATTORNEY SERVICE**

# Invoice

| Your Reference | Invoice Date | Invoice # |
|---|---|---|
| Presswood v Vita | 5/25/2016 | 38711 |

PAID 05/19/2016

Each invoice is due as described. A summary statement will follow at month's end.

Margulis Law Group
28 Old Belle Monte Rd.
Chesterfield, MO 63017

Attn:  Max Margulis

| | | Due Date | 6/24/2016 |
|---|---|---|---|

| Item | Description | Qty | Rate | Amount |
|---|---|---|---|---|
| Davis | Service upon Vita Core Health, LLC at 847 Northpointe Cir., North Salt Lake UT 84054 | 1 | 65.00 | 65.00 |

| Total | $65.00 | Credits | -$65.00 | Balance Due | $0.00 |
|---|---|---|---|---|---|

------------------------------------------------------------

PLEASE DETACH AND RETURN BOTTOM PORTION WITH YOUR PAYMENT.

**Beehive Attorney Service, LLC**

1226 W. South Jordan Pkwy., Suite B
South Jordan, UT 84095
(800) 779-0379 Fax: (801) 281-0168
www.beehiveattorney.com

☐ Please check box if your address is incorrect or has changed, and indicate change(s) on reverse side.

| If paying by credit card, please complete this section | | |
|---|---|---|
| Invoice # | 38711 | Balance Due | $0.00 |
| Name | | |
| Number | | |
| Exp | | DISCOVER  MasterCard  VISA |

**16SL-CC01653**

Electronically Filed - St Louis County - May 03, 2016 - 03:15 PM

In the

# CIRCUIT COURT
## Of St. Louis County, Missouri



┌                                    ┐

For File Stamp Only

ALAN PRESSWOOD, D.C., P.C.
_____
Plaintiff/Petitioner

May 2, 2016
_____
Date

vs.

Case Number
_____

VITA CORE HEALTH, LLC,
_____
Defendant/Respondent

Division
_____

TREVOR FARNES and JOHN DOES 1-10

└                                    ┘

## REQUEST FOR APPOINTMENT OF PROCESS SERVER

Comes now  Max G. Margulis, Attorney for Plaintiff
_____, pursuant
                           Requesting Party

to Local Rule 28, and at his/her/its own risk requests the appointment of the Circuit Clerk of

 Peter A. Stefanelli, Wendy Mess, Beehive Attorney Service 1226 West South Jordan Parkway Ste B
_____
Name of Process Server                 Address                              Telephone

        South Jordan UT 84095, P: 800-779-0379, F: 801-281-0168
_____
Name of Process Server           Address or in the Alternative               Telephone

_____
Name of Process Server           Address or in the Alternative               Telephone

Natural person(s) of lawful age to serve the summons and petition in this cause on the below
named parties.  This appointment as special process server does not include the authorization
to carry a concealed weapon in the performance thereof.

SERVE:. Vita Core Health, LLC
 Trevor Farnes, Registered Agent
_____
Name
 847 NorthPointe Circle
_____
Address
 North Salt Lake, UT 84054
_____
City/State/Zip

SERVE:
_____
Name

_____
Address

_____
City/State/Zip

SERVE:
 Trevor Farnes, Individually
_____
Name
 847 NorthPointe Circle
_____
Address
 North Salt Lake, UT 84054
_____
City/State/Zip

SERVE:
_____
Name

_____
Address

_____
City/State/Zip

Appointed as requested:

**JOAN M. GILMER,** Circuit Clerk

_____
_Max G. Margulis_
Attorney/Plaintiff/Petitioner                    24325
Max G. Margulis

By _____
    Deputy Clerk
Bar No. 28 Old Belle Monte Rd.   Chesterfield, MO 63017
Address
        (636) 536-7022              (636) 536- 6652
_____
Date
Phone No.                            Fax No.
        MaxMargulis@Marguluslaw.com

CCADM62   Rev. 03/06   WHITE – File          YELLOW-Special Process Server     PINK - Attorney/Petitioner

**16SL-CC01653**

Electronically Filed - St Louis County - May 03, 2016 - 03:15 PM

STATE OF MISSOURI      )
                          )
ST. LOUIS COUNTY     )

### IN THE CIRCUIT COURT OF THE ST. LOUIS COUNTY
### STATE OF MISSOURI

| | |
|---|---|
| ALAN PRESSWOOD, D.C., P.C., individually and on behalf of all others similarly-situated, | Cause No. _____ |
|       Plaintiff, | Division |
| v. | |
| VITA CORE HEALTH, LLC<br>    Serve: Trevor Farnes, Registered Agent<br>        847 NorthPointe Circle<br>        North Salt Lake, UT 84054<br>        Davis County | PROCESS SERVER |
| TREVOR FARNES<br>    Serve: 847 NorthPointe Circle<br>        North Salt Lake, UT 84054<br>        Davis County | PROCESS SERVER |
| and | |
| JOHN DOES 1-10, | HOLD SERVICE |
|       Defendants. | |

### CLASS ACTION PETITION

      Plaintiff, ALAN PRESSWOOD, D.C., P.C. ("Plaintiff"), brings this action on behalf of itself and all others similarly situated, through its attorneys, and except as to those allegations pertaining to Plaintiff or its attorneys, which allegations are based upon personal knowledge, alleges the following upon information and belief against Defendants, VITA CORE HEALTH, LLC, TREVOR FARNES, and JOHN DOES 1-10 ("Defendants"):

Electronically Filed - St Louis County - May 03, 2016 - 03:15 PM

## PRELIMINARY STATEMENT

1.      This case challenges Defendants' practice of sending unsolicited facsimile advertisements.

2.      The federal Telephone Consumer Protection Act, 47 USC § 227, prohibits a person or entity from sending or having an agent send fax advertisements without the recipient's prior express invitation or permission ("advertising faxes" or "unsolicited faxes") and without a proper opt out notice.  The TCPA provides a private right of action and provides statutory damages of $500 per violation.

3.      Unsolicited faxes damage their recipients.  An advertising fax recipient loses the use of its fax machine, paper, and ink toner.  An unsolicited fax wastes the recipient's valuable time that would have been spent on something else.  An advertising fax interrupts the recipient's privacy.  Unsolicited faxes prevent fax machines from receiving authorized faxes, prevent their use for authorized outgoing faxes, cause undue wear and tear on the recipients' fax machines, and require additional labor to attempt to discern the source and purpose of the unsolicited message.  An advertising fax consumes a portion of the limited capacity of the telecommunications infrastructure serving the victims of advertising faxing.

4.      On behalf of itself and all others similarly situated, Plaintiff brings this case as a class action asserting claims against Defendants under the TCPA, the common law of conversion and Missouri consumer and fraud and deceptive business practices act Chapter 407.

5.      Plaintiff seeks an award of statutory damages for each violation of the TCPA.

Electronically Filed - St Louis County - May 03, 2016 - 03:15 PM

## JURISDICTION AND PARTIES

6.      This court has personal jurisdiction over Defendants because Defendants transacts business within this state, have made contracts within this state, and/or have committed tortious acts within this state and otherwise have sufficient minimum contacts with the State of Missouri.

7.      Plaintiff ALAN PRESSWOOD, D.C., P.C., is a professional corporation with its principal place of business in St. Louis County, Missouri.

8.      On information and belief, Defendant, VITA CORE HEALTH, LLC, is a limited liability corporation with its principal place of business in Davis County, Utah.

9.      On information and belief, Defendant TREVOR FARNES is the president of VITA CORE HEALTH, LLC.

10.     Defendant Patrick Herrington, upon information and belief, exercised direction and/or control over Herrington Automotive, Inc., both generally and specifically with regard to the making of sending faxes.

11.     Defendant, John Does 1-10 will be identified through discovery, but are not presently known.

## RELEVANT FACTS

12.     Defendants sent unsolicited facsimiles, including but not limited to the faxes sent on or about May 22, 2012 to Plaintiff in St. Louis County, Missouri.  A true and correct copy of the facsimile is attached as Exhibit A (excluding any handwritten notations).  These are only examples of faxes sent by or on behalf of the Defendant to the Plaintiff.

13.     The transmission sent to Plaintiff on or about May 22, 2012 constitutes material advertising the commercial availability of any property, goods or services.

Electronically Filed - St Louis County - May 03, 2016 - 03:15 PM

14.     On information and belief, Defendant has sent other facsimile transmissions of material advertising the commercial availability of property, goods, or services to many other persons as part of a plan to broadcast fax advertisements, of which Exhibit A is an example.

15.     Defendants approved, authorized and participated in the scheme to broadcast fax advertisements by  (a) directing a list to be purchased or assembled; (b) directing and supervising employees or third parties to send the faxes; (c) creating and approving the form of fax to be sent; and (d) determining the number and frequency of the facsimile transmissions.

16.     Defendants created or made Exhibit A and other fax advertisements, which Defendants sent to Plaintiff and the other members of the class.

17.     Exhibit A and the other facsimile advertisements are a part of Defendants' work or operations to market Defendants' goods or services which was performed by Defendants and on behalf of Defendants.

18.     Exhibit A and the other facsimile advertisements are constitute material furnished in connection with Defendants' work or operations.

19.     The transmissions of Exhibit A to Plaintiff did not contain a notice that informs the recipient of the ability and means to avoid future unsolicited advertisements.

20.     The transmission of facsimile advertisements, including Exhibit A, to Plaintiff did not contain a notice that states that the recipient may make a request to the sender of the advertisement not to send any future advertisements to a telephone facsimile machine or machines and that failure to comply, within 30 days, with such a request meeting the requirements under paragraph 47 C.F.R. § 64.1200(a)(4)(iii) of this section is unlawful.

Electronically Filed - St Louis County - May 03, 2016 - 03:15 PM

21.     The transmissions of facsimile advertisements, including Exhibit A, to Plaintiff did not contain a notice that complied with the provisions of 47 U.S.C. § 227(b)(1)(C) and/or 47 C.F.R. § 64.1200(a)(4)(iii).

22.     The transmissions of facsimile advertisements, including Exhibit A, to Plaintiff was required to contain a notice that complied with the provisions of 47 U.S.C. § 227(b)(1)(C) and/or 47 C.F.R. § 64.1200(a)(4)(iii).

23.     Defendant have never included any notice on any facsimile advertisements that complied with the provisions of 47 U.S.C. § 227(b)(1)(C) and/or 47 C.F.R. § 64.1200(a)(4)(iii).

24.     On information and belief, Defendants sent multiple facsimile advertisements to Plaintiff and members of the proposed classes throughout the time period covered by the class definitions.

25.     On information and belief, Defendants faxed the same and other facsimile advertisements to the members of the proposed classes in Missouri and throughout the United States without first obtaining the recipients' prior express permission or invitation.

26.     There is no reasonable means for Plaintiff (or any other class member) to avoid receiving unlawful faxes.   Fax machines are left on and ready to receive the urgent communications their owners desire to receive.

27.     Defendants violated 47 U.S.C. § 227 et seq. by transmitting Exhibit A hereto to Plaintiff and the other members of the class without obtaining their prior express permission or invitation and not displaying the proper opt out notice required by 47 C.F.R. § 64.1200.

28.     Defendants knew or should have known that:   (a) facsimile advertisements, including Exhibit A, were advertisements; (b) Plaintiff and the other members of the class had not

Electronically Filed - St Louis County - May 03, 2016 - 03:15 PM

given their prior permission or invitation to receive facsimile advertisements; (c) No established business relationship existed with Plaintiff and the other members of the class; and (d) Defendants did not display a proper opt out notice.

29.     Defendants engaged in the transmission of facsimile advertisements, including Exhibit A, believing such transmissions were legal based on Defendants' own understanding of the law and/or based on the representations of others on which Defendants reasonably relied.

30.     Defendants did not intend to send transmissions of facsimile advertisements, including Exhibit A, to any person where such transmission was not authorized by law or by the recipient, and to the extent that any transmissions of facsimile advertisement was sent to any person and such transmission was not authorized by law or by the recipient, such transmission was made based on either Defendants' own understanding of the law and/or based on the representations of others on which Defendants reasonably relied.

31.     Defendants failed to correctly determine the legal restrictions on the use of facsimile transmissions and the application of those restrictions to the transmission of facsimile advertisements, including Exhibit A, both to others in general, and specifically to Plaintiff.

32.     The transmissions of facsimile advertisements, including Exhibit A, to Plaintiff and other members of the class caused destruction of Plaintiff's property.

33.     The transmissions of facsimile advertisements, including Exhibit A, to Plaintiff and other members of the class interfered with Plaintiff's and other members of the class' exclusive use of their property.

Electronically Filed - St Louis County - May 03, 2016 - 03:15 PM

34.     The transmissions of facsimile advertisements, including Exhibit A, to Plaintiff and other members of the class interfered with Plaintiff's and other members of the class' business and/or personal communications.

<u>**COUNT I**</u>
<u>**TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227**</u>

35.     Plaintiff incorporates the preceding paragraphs as though fully set forth herein.

36.     Plaintiff brings Count I pursuant to the Telephone Consumer Protection Act, 47 U.S.C. § 227, on behalf of the following class of persons:

> All persons who (1) on or after four years prior to the filing of this action, (2) were sent by or on behalf of Defendant any telephone facsimile transmissions of material making known the commercial existence of, or making qualitative statements regarding any property, goods, or services (3) with respect to whom Defendants cannot provide evidence of prior express permission or invitation for the sending of such faxes, (4) with whom Defendants does not have an established business relationship or (5) who were sent an advertisement by fax which did not display a proper opt out notice.

37.     A class action is warranted because:

a.     On information and belief, the class includes more than forty persons and is so numerous that joinder of all members is impracticable.

b.     There are questions of fact or law common to the class predominating over questions affecting only individual class members, including without limitation:

i.     Whether Defendants engaged in a pattern of sending unsolicited fax advertisements;

ii.     Whether Exhibit A and other faxes transmitted by or on behalf of Defendant contains material advertising the commercial availability of any property, goods or services;

7

Electronically Filed - St Louis County - May 03, 2016 - 03:15 PM

iii.     Whether Defendants' facsimiles advertised the commercial availability of property, goods, or services;

iv.     The manner and method Defendants used to compile or obtain the list of fax numbers to which they sent Exhibit A and other unsolicited faxed advertisements;

v.     Whether Defendants faxed advertisements without first obtaining the recipients' prior express permission or invitation;

vi.     Whether Defendants violated the provisions of 47 U.S.C. § 227 or the regulations prescribed thereunder;

vii.     Whether Plaintiff and the other class members are entitled to statutory damages;

viii.     Whether Defendants knowingly violated the provisions of 47 U.S.C. § 227 or the regulations prescribed thereunder;

ix.     Whether Defendants should be enjoined from faxing advertisements in the future;

x.     Whether the Court should award trebled damages; and

xi.     Whether Exhibit A and the other fax advertisements sent by or on behalf of Defendant displayed the proper opt out notice required by 47 C.F.R. § 64.1200.

c.     Plaintiff's claims are typical of the other class members.

d.     Plaintiff will fairly and adequately protect the interests of the other class members.  Plaintiff's counsel are experienced in handling class actions and claims

Electronically Filed - St Louis County - May 03, 2016 - 03:15 PM

involving unsolicited advertising faxes.  Neither Plaintiff nor Plaintiff's counsel has any interests adverse or in conflict with the absent class members.

e.     A class action is the superior method for adjudicating this controversy fairly and efficiently.  The interest of each individual class member in controlling the prosecution of separate claims is small and individual actions are not economically feasible.

38.     Plaintiff will fairly and adequately protect the interests of the other class members. Plaintiff's counsel are experienced in handling class actions and claims involving unsolicited advertising faxes.  Neither Plaintiff nor Plaintiff's counsel has any interests adverse or in conflict with the absent class members.

39.     A class action is an appropriate method for adjudicating this controversy fairly and efficiently.  The interest of each individual class member in controlling the prosecution of separate claims is small and individual actions are not economically feasible.

40.     The TCPA prohibits the "use of any telephone facsimile machine, computer or other device to send an unsolicited advertisement to a telephone facsimile machine…." 47 U.S.C. § 227(b)(1).

41.     The TCPA defines "unsolicited advertisement," as "any material advertising the commercial availability or quality of any property, goods, or services which is transmitted to any person without that person's express invitation or permission."  47 U.S.C. § 227(a)(4).

42.     The TCPA provides:

Private right of action.  A person may, if otherwise permitted by the laws or rules of court of a state, bring in an appropriate court of that state:

Electronically Filed - St Louis County - May 03, 2016 - 03:15 PM

(A)     An action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,

(B)     An action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or

(C)     Both such actions.

43.     The Court, in its discretion, may treble the statutory damages if the violation was knowing.  47 U.S.C. § 227.

44.     The TCPA is a strict liability statute and the Defendants are liable to Plaintiff and the other class members even if their actions were only negligent.

45.     Defendants' actions caused damages to Plaintiff and the other class members. Receiving Defendants' advertising faxes caused the recipients to lose paper and toner consumed in the printing of Defendants' faxes.  Moreover, Defendants' actions interfered with Plaintiff's use of its fax machine and telephone line connected to that fax machine.  Defendants' faxes cost Plaintiff time, as Plaintiff and/or its employees wasted their time receiving, reviewing and routing Defendants' unlawful faxes.  That time otherwise would have been spent on Plaintiff's business activities.  Finally, Defendants' faxes unlawfully interrupted Plaintiff's and the other class members' privacy interests in being left alone.

46.     Defendants did not intend to cause damage to Plaintiff and the other class members, did not intend to violate their privacy, and did not intend to interfere with recipients' fax machines or consume the recipients' valuable time with Defendants' advertisements.

47.     If the court finds that Defendants knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount

Electronically Filed - St Louis County - May 03, 2016 - 03:15 PM

of the award to an amount equal to not more than three times the amount available under subparagraph (B) of this paragraph.  47 U.S.C. § 227(b)(3).

48.     Defendants knew or should have known that: (A) Plaintiff and the other class members had not given express permission or invitation for Defendants or anyone else to fax advertisements about Defendants' goods or services, (B) Defendants did not have an established business relationship with Plaintiff and the other members of the class, (C) Exhibit A and the other facsimile advertisements were advertisements, and (D) Exhibit A and the other facsimile advertisements did not display the proper opt out notice.

49.     Defendants violated 47 U.S.C. § 227 et seq. by transmitting Exhibit A and the other facsimile advertisements hereto to Plaintiff and the other members of the class without obtaining their prior express permission or invitation and not displaying the proper opt out notice required by 47 C.F.R. § 64.1200.

50.     Defendants knew or should have known that:  (a) Exhibit A and the other facsimile advertisements were advertisements; (b) Defendants did not obtain prior permission or invitation to send facsimile advertisements, including Exhibit A; (c) Defendants did not have an established business relationship with Plaintiff or the other members of the class and (d) Exhibit A and the other facsimile advertisements did not display a proper opt out notice.

51.     Defendants engaged in the transmission of Exhibit A and the other facsimile advertisements believing such a transmissions were legal based on Defendants' own understanding of the law and/or based on the representations of others on which Defendants reasonably relied.

52.     Defendants did not intend to send transmission of Exhibit A and the other facsimile advertisements to any person where such transmission was not authorized by law or by the

Electronically Filed - St Louis County - May 03, 2016 - 03:15 PM

recipient, and to the extent that any transmission of Exhibit A and the other facsimile advertisements were sent to any person and such transmission was not authorized by law or by the recipient, such transmission was made based on either Defendants' own understanding of the law and/or based on the representations of others on which Defendants reasonably relied.

53.     Defendants failed to correctly determine the legal restrictions on the use of facsimile transmissions and the application of those restrictions to the transmission of Exhibit A and the other facsimile advertisements both to others in general, and specifically to Plaintiff.

54.     Defendants' actions caused damages to Plaintiff and the other class members, because their receipt of Defendants' unsolicited fax advertisements caused them to lose paper and toner consumed as a result.  Defendants' actions prevented Plaintiff's fax machine from being used for Plaintiff's business purposes during the time Defendants were using Plaintiff's fax machine for Defendants' unauthorized purpose.  Defendants' actions also cost Plaintiff employee time, as Plaintiff's employees used their time receiving, routing and reviewing Defendants' unauthorized faxes and that time otherwise would have been spent on Plaintiff's business activities.  Finally, the injury and property damage sustained by Plaintiff and the other members of the class occurred outside of Defendants' premises.  Pursuant to law, Plaintiff, and each class member, instead may recover $500 for each violation of the TCPA.

WHEREFORE, Plaintiff ALAN PRESSWOOD, D.C., P.C., individually and on behalf of all others similarly situated, demand judgment in its favor and against Defendants, VITA CORE HEALTH, LLC, TREVOR FARNES, and JOHN DOES 1-10, as follows:

Electronically Filed - St Louis County - May 03, 2016 - 03:15 PM

A.      That the Court adjudge and decree that the present case may be properly maintained as a class action, appoint Plaintiff as the representative of the class, and appoint Plaintiff's counsel as counsel for the class;

B.      That the Court award between $500.00 and $1,500.00 in damages for each violation of the TCPA;

C.      That the Court enter an injunction prohibiting the Defendants from engaging in the statutory violations at issue in this action; and

D.      That the Court award costs and such further relief as the Court may deem just and proper.

E.      That the Court award pre-judgment and post-judgment interest at the statutory rate of 9%.

## COUNT II
## DECLARATORY RELIEF

55.     Plaintiff incorporates by reference all allegations of all preceding paragraphs as if fully set forth herein.

56.     As a result of Defendants' actions, described herein, a justiciable controversy that presents a real, substantial, presently-existing controversy admitting of specific relief, and Plaintiff and the Class have legally protectable interests at stake.

57.     A declaration that Defendants' actions, as described herein, violate the TCPA is warranted.

Electronically Filed - St Louis County - May 03, 2016 - 03:15 PM

## COUNT III
## CONVERSION

58.     Plaintiff incorporates Paragraphs 3 and 4, 12, 15 – 18, 24 – 26 and 29 – 34 as for its

paragraph 58.

59.     Plaintiff brings Count III for conversion under the common law for the following

class of persons:

> All persons who on or after five years prior to the filing of this action, were
> sent telephone facsimile messages by or on behalf of Defendants with respect
> to whom Defendants cannot provide evidence of prior express permission or
> invitation.

60.     A class action is proper in that:

a.      On information and belief the class is so numerous that joinder of all

members is impracticable.

b.      There are questions of fact or law common to the class predominating over

all questions affecting only individual class members, including:

i.      Whether Defendants engaged in a pattern of sending unsolicited

faxes;

ii.     Whether Defendants sent faxes without obtaining the recipients'

prior express permission or invitation of the faxes;

iii.    The manner and method Defendants used to compile or obtain the

list of fax numbers to which it sent Exhibit A and other unsolicited faxes;

iv.     Whether Defendants committed the tort of conversion; and

v.      Whether Plaintiff and the other class members are entitled to recover

actual damages and other appropriate relief.

Electronically Filed - St Louis County - May 03, 2016 - 03:15 PM

    c.     Plaintiff's claims are typical of the other class members.

    d.     Plaintiff will fairly and adequately protect the interests of the other class members.  Plaintiff's counsel are experienced in handling class actions and claims involving unsolicited advertising faxes.  Neither Plaintiff nor Plaintiff's counsel has any interests adverse or in conflict with the absent class members.

    e.     A class action is the superior method for adjudicating this controversy fairly and efficiently.  The interest of each individual class member in controlling the prosecution of separate claims is small and individual actions are not economically feasible.

61.    Plaintiff will fairly and adequately protect the interests of the other class members. Plaintiff has retained counsel who is experienced in handling class actions and claims involving unlawful business practices.  Neither Plaintiff nor Plaintiff's counsel have any interests adverse or in conflict with the class.

62.    A class action is an appropriate method for adjudicating this controversy fairly and efficiently.  The interest of the individual class members in individually controlling the prosecution of separate claims is small and individual actions are not economically feasible.

63.    By sending Plaintiff and the other class members unsolicited faxes, Defendants improperly and unlawfully converted their fax machines, toner and paper to its own use. Defendants also converted Plaintiff's employees' time to Defendants' own use.

64.    Immediately prior to the sending of the unsolicited faxes, Plaintiff, and the other class members owned an unqualified and immediate right to possession of their fax machine, paper, toner, and employee time.

Electronically Filed - St Louis County - May 03, 2016 - 03:15 PM

65.     By sending the unsolicited faxes, Defendants permanently misappropriated the class members' fax machines, toner, paper, and employee time to Defendants' own use.   Such misappropriation was wrongful and without authorization.

66.     Defendants knew or should have known that its misappropriation of paper, toner, and employee time was wrongful and without authorization.

67.     Plaintiff and the other class members were deprived of the use of the fax machines, paper, toner, and employee time, which could no longer be used for any other purpose.  Plaintiff and each class member thereby suffered damages as a result of the sending of unsolicited fax advertisements from Defendants.

68.     Each of Defendants' unsolicited faxes effectively stole Plaintiff's employees' time because persons employed by Plaintiff were involved in receiving, routing, and reviewing Defendants' unlawful faxes.  Defendants knew or should have known employees' time is valuable to Plaintiff.

69.     Defendants' actions caused damages to Plaintiff and the other members of the class because their receipt of Defendants' unsolicited faxes caused them to lose paper and toner as a result.  Defendants' actions prevented Plaintiff's fax machines from being used for Plaintiff's business purposes during the time Defendants was using Plaintiff's fax machines for Defendants' unlawful purpose.  Defendants' actions also cost Plaintiff employee time, as Plaintiff's employees used their time receiving, routing, and reviewing Defendants' unlawful faxes, and that time otherwise would have been spent on Plaintiff's business activities.

Electronically Filed - St Louis County - May 03, 2016 - 03:15 PM

WHEREFORE, Plaintiff, ALAN PRESSWOOD, D.C., P.C., individually and on behalf of all others similarly situated, demand judgment in its favor and against Defendants, VITA CORE HEALTH, LLC, TREVOR FARNES, and JOHN DOES 1-10, as follows:

A.      That the Court adjudge and decree that the present case may be properly maintained as a class action, appoint Plaintiff as the representative of the class, and appoint Plaintiff's counsel as counsel for the class;

B.      That the Court award appropriate damages;

C.      That the Court award costs of suit; and

D.      Awarding such further relief as the Court may deem just and proper.

**COUNT IV**
**MISSOURI CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT**
**Chapter 407**

70.      Plaintiff incorporates Paragraphs 3 and 4, 12, 15 – 18, 24 – 26 and 29 – 34 as for its paragraph 70.

71.      In accordance with Chapter 407, Plaintiff, on behalf of the following class of persons, bring Count IV for Defendants' unfair practice of sending unsolicited and unlawful fax advertisements:

All persons who on or after four years prior to the filing of this action, were sent telephone facsimile messages by or on behalf of Defendants with respect to whom Defendants cannot provide evidence of prior express permission or invitation.

72.      A class action is proper in that:

a.      On information and belief the class consists of over 40 persons in Missouri and throughout the United States and is so numerous that joinder of all members is impracticable.

17

Electronically Filed - St Louis County - May 03, 2016 - 03:15 PM

b.      There are questions of fact or law common to the class predominating over all questions affecting only individual class members including:

     i.      Whether Defendants engaged in a pattern of sending unsolicited faxes;

     ii.      The manner and method Defendants used to compile or obtain the list of fax numbers to which it sent Exhibit A and other unsolicited faxes;

     iii.      Whether Defendants' practice of sending unsolicited faxes violates Missouri public policy;

     iv.      Whether Defendants' practice of sending unsolicited faxes is an unfair practice under the Missouri Merchandising Practices Act (MMPA), Chapter 407 RSMO; and

     v.      Whether Defendants should be enjoined from sending unsolicited fax advertising in the future.

c.      Plaintiff's claims are typical of the other class members.

d.      Plaintiff will fairly and adequately protect the interests of the other class members.  Plaintiff's counsel are experienced in handling class actions and claims involving unsolicited advertising faxes.  Neither Plaintiff nor Plaintiff's counsel has any interests adverse or in conflict with the absent class members.

e.      A class action is the superior method for adjudicating this controversy fairly and efficiently.  The interest of each individual class member in controlling the prosecution of separate claims is small and individual actions are not economically feasible.

Electronically Filed - St Louis County - May 03, 2016 - 03:15 PM

73.     Plaintiff will fairly and adequately protect the interests of the other class members. Plaintiff has retained counsel who are experienced in handling class actions and claims involving lawful business practices.  Neither Plaintiff nor Plaintiff's counsel have any interests adverse or in conflict with the class.

74.     A class action is an appropriate method for adjudicating this controversy fairly and efficiently.  The interest of the individual class members in individually controlling the prosecution of separate claims is small and individual actions are not economically feasible.

75.     Defendants' unsolicited fax practice is an unfair practice, because it violates public policy, and because it forced Plaintiff and the other class members to incur expense without any consideration in return.   Defendants' practice effectively forced Plaintiff and the other class members to pay for Defendants' advertising campaign.

76.     Defendants violated the unfairness predicate of the Act by engaging in an unscrupulous business practice and by violating Missouri statutory public policy, which public policy violations in the aggregate caused substantial injury to hundreds of persons.

77.     Defendants' misconduct caused damages to Plaintiff and the other members of the class, including the loss of paper, toner, ink, use of their facsimile machines, and use of their employees' time.

78.     Defendants' actions caused damages to Plaintiff and the other class members because their receipt of Defendants' unsolicited faxes caused them to lose paper and toner consumed as a result.  Defendants' actions prevented Plaintiff's fax machine from being used for Plaintiff's business purposes during the time Defendants was using Plaintiff's fax machine for Defendants' unlawful purpose.   Defendants' actions also cost Plaintiff employee time, as

Electronically Filed - St Louis County - May 03, 2016 - 03:15 PM

Plaintiff's employees used their time receiving, routing, and reviewing Defendants' unlawful faxes and that time otherwise would have been spent on Plaintiff's business activities.

WHEREFORE, Plaintiff, ALAN PRESSWOOD, D.C., P.C., individually and on behalf of all others similarly situated, demand judgment in its favor and against Defendants, VITA CORE HEALTH, LLC, TREVOR FARNES, and JOHN DOES 1-10, as follows:

A.      That the Court adjudge and decree that the present case may be properly maintained as a class action, appoint Plaintiff as the class representative, and appoint Plaintiff's counsel as counsel for the class;

B.      That the Court award damages to Plaintiff and the other class members;

C.      That the Court award treble damages to Plaintiff and the other class members for willful or knowing violations of the TCPA;

D.      That the Court declare that Defendants' conduct violated the TCPA and that this action is just and proper;

E.      That the Court award damages for conversion of the plaintiffs and the class for violation of their rights;

F.      That the Court award attorney fees and costs;

G.      That the Court award all expenses incurred in preparing and prosecuting these claims;

H.      That the Court enter an injunction prohibiting Defendants from sending faxed advertisements; and

I.      Awarding such further relief as the Court may deem just and proper.

Electronically Filed - St Louis County - May 03, 2016 - 03:15 PM

Respectfully submitted,


_____/s/ Max G. Margulis_____
Max G. Margulis, #24325
**MARGULIS LAW GROUP**
28 Old Belle Monte Rd.
Chesterfield, MO 63017
P: (636) 536-7022 – Residential
F: (636) 536-6652 – Residential
E-Mail: MaxMargulis@MargulisLaw.com
*Attorneys for Plaintiff*


<u>Of Counsel</u>
Brian J. Wanca
ANDERSON + WANCA
3701 Algonquin Road, Suite 500
Rolling Meadows, IL  60008
Phone:  (847) 368-1500
Fax:  (847) 368-1501
E-Mail: bwanca@andersonwanca.com

Electronically Filed - St Louis County - May 03, 2016 - 03:15 PM

# Blood Pressure * Sexual Health * Cholesterol * Diabetes * Circulation * Energy *

60 y

Presswood

**-Dr. Louis Ignarro**
Nobel Prize Winner in Medicine (1998) and author of the book, "No More Heart Disease"

"Nitric Oxide is now regarded as the most significant molecule in the body, absolutely crucial to your well-being. I am convinced that the nitric oxide can age-proof your cardiovascular system, keeping it much fitter than your chronological age would indicate. Now we know we can reverse Cardiovascular impairment naturally with the body's internally manufactured "wonder drug" nitric oxide."



**To Order:**
Call: 855-527-4464
Email: info@larginine-complete.com
www.larginine-complete.com

**NOW WITH:**
**Astaxanthin & Resveratrol**

**A MIRACLE MOLECULE**

# L-Arginine Complete

## Great Results for Your Clinic & Your Patients

### Supplement Facts
Serving Size: 10 Grams (1 Level Scoop)
Servings Per Container: 30

| | Amount Per Serving | %DV* |
|---|---|---|
| Calories | 5 | |
| Total Carbohydrate | 1 g | 0% |
| Total Fat | 0 g | 0% |
| Vitamin C (as ascorbic acid) | 60 mg | 100% |
| Vitamin D (as colecalciferol) | 2,500 IU | 625% |
| Vitamin K (as phytonadione) | 20 mcg | 25% |
| Vitamin B6 (as pyridoxine hcl) | 2 mg | 100% |
| Folic Acid | 400 mcg | 100% |
| Vitamin B12 (as cyanocobalamin) | 15 mcg | 250% |
| Magnesium Citrate | 20 mg | 5% |
| Chromium Aminonicotinate | 200 mcg | 167% |
| L-Arginine | 5,000 mg | ** |
| L-Citrulline | 1,000 mg | ** |
| Resveratrol (Red Wine Extract) | 100 mg | ** |
| Astaxanthin (Haematococcus pluvialis) | 8 mg | ** |

* % Daily Value based on a 2,000 calorie diet.
** Daily Value not established.

Other Ingredients: Citric Acid, Natural Flavors, Vegetable Juice Color, Stevia.

**PRICING:**
**3 + Bottles: $23/bottle**
**12 + Bottles: $20/bottle**
**36 + Bottles: $18.50/bottle**

**50% + Margin Potential**

**\* Not MLM**
**\* Sweetened with Stevia. No Xylitol**
**\* Patients See Results**

www.larginine-complete.com





If you would like to Opt Out of receiving further information from L-Arginine Complete please let us know by calling (877)-595-5020 or by emailing us at info@larginine-complete.com

*These statements have not been evaluated by the FDA. This product is not intended to diagnose, treat, cure or prevent disease.

EXHIBIT A